Judge Buckneb,
delivered the opinion of the court.
In virtue of an authority vested in “the ’executors of John Campbell, by his last will and testament, they exposed to sale at public auction, a tract of land which he owned at the time of his death. Wilmore became the purchaser !0'f it, being the highest bidder, at the price of twenty three dollars and thirteen cents, per acre, payable in notes of the Commonwealth’s bank, in one and two years. The size of the tract not having been accurately ascertained, the surveyor of the county in which it. is situated was called on by the parties to survey it, he did so, and reported that it contained -one hundred and twenty four acres. The'executors conveyed the land to Wilmore by deed, bearing date, 18th of -December, 1826, for the sum of two thousand eight bunr dred and sixty eight dollars, twelve cents, in Commonwealth’s bank notes, describing it therein, as containing the aforesaid’quantitv of one hundred and twenty four acres, omitting the usual expressions “be the same more or less.”
in August, 1829, the executors filed -their bill ia chancery against Wilmore, setting forth the above facts, alleging that they had executed the deed under abelief producedby the report of thecounty surveyor, that the tract contained only one hundred and twenty four acres'; but, that they had ascertained by subsequent survey, the number of acres to be one hundred and thirty two and some few poles. For the surplus they claimed compensation.
Wlu-re, thro’ > roí» and pal■ible mi«t!rke -lore dr loss land is conveyed than (lie contracting- pni-ties contemplated, relie!' blion'd be granted (o the parti Injured.
Wilrnoro answered. He does not deny that the tract co'kt-iins one hundred and thirty-two acres and a few poles; but insists, <h it his vendors selected the surveyor to ascertain the quantity; that he objected to him, wishing to procure some one else; but they persisting, he at length yielded, and accepted the deed according to tlie survey made, which deed contains the true contract.
Upon a hearing of the cause upon hill, answer, &c. the circuit court dismissed the bill with costs, and the execuiors have appealed to this court, and assigned for error, that their bill was improperly dismissed.
ft is not alleged that the appellee practised any fraud in the transaction; but there is no doubt, thatin cases where, through gross and palpable mistake, more or less land is conveyed than the contracting parties contemplated, relief should be granted to the person injured. That Wilmore made the purchase by the acre, at the price alleged in the bill, is not only supported by the proof in the cause, but is expressly admitted in his answer; nor is it denied that the tract conveyed, contains more than eight acres of a surplus.
Under such circumstances, it was certainly' improper to refuse relief, unless, after the contract was originally entered into, the parties made some modification of it, which could justify such refusal. No such change is distinctly alleged in .the answer, and if such ground had been directly assumed, it would llave stood unsupported by the proof. West, who was called on by Wilmore, to make a survey of the tract after it had been surveyed by the county surveyor, states in his deposition, that he did make a survey of it in the presence of Wilmore and some of the appellants, and, that according to his calculation, itcoutained one hundred and thirty two acres. At what time this was done, it does not. appear; nor whether it was previous to the execution of the deed by the appellants. He. says that he understood, but bow, or from whom lie receive his information, is not s-.i ed, t-ha*'the d‘- had not been executed at that time. If it had satisfactorily appeared, that *211 this was anterior to the execution of the deed; and that the appellants were informed of the result of his calculation, there would be considerable plausibility in the argument, that they did not convey the tract as containing one hundred and twenty four acres by mistake; in other words, it might perhaps have been interred, that they consented, to let it go,, according to the survey first made. Bbt- bes'des the lack of proof, as to the time West made his survey; it has not been shewn, that the appellants were informed of the calculation made by him; and that they might not have been informed of it when they executed the deed, is not improbable, from what West states; for he says, that there was very little difference between his field notes, and those of the county surveyor, and that the difference resulted from the erroneous calculation of the latter. It may be, therefore, that the appellants finding from West’s survey, that there was very little, if any difference between the notes of the two surveyors, rested satisfied that the county surveyor had not r.un into any mistake. Be this as it may, the proof is not sufficient to shew that the parties ever agree.d to change the contract as originally made, converting the sale made, as by (hatit evidently was, by the acre, into a. sale in gross. It is true, that relief cannot be granted in every case, even of a sale by the acre, because there may be a surplus to a small extent, in the q.uanty of land conveyed. It seldom happens, that in making surveys of even as small a tract as one hundred acres at different times, by different survejors, or by the same surveyor, that the results will be the same. The inattention, or awkwardness on the part, of the chain earner, the variation between the instruments used, and a variety of other causes, may produce a different result, in attempting to ascertain the true quantity; and we shall not aUemptto lay down any rule, with respect.to the exact difference between the true number of acres, and the quantity-conveyed, which should govern a court in such cases, in coming to the conclusion, that there is a mistake*, and that therefore, relief should be granted.
Each case must depend, in a considerable degree, upon its own circumstances. The size of the tract conveyed, the price of it, and other features, which. *212 it is unnecessary to point out,should be taken into consideration. It is sufficient to say, that under the circumstances of this case, the conclusion is fully warranted, that the deed was executed through a mistake, as to t,hequantity of land conveyed, which demands the relief sought. It is not reasonable to suppose, that had the appellants been informed, or had reasops to believe, that there were one hundred and thirty two acres in the tract, they would have conveyed it for one hundred and twenty four, when they had sold it at $23 13 cents per acre. Besides, it is. proved, that the appellee said he had no confidence in the survey first made, and wished to ascertain the true quantity, before the last instalment of the price agreed. to be paid, became due. Since this suit was instituted, another person, whose deposition was read 'on the trial, has surveyed the tract conveyed, and ascertained, that there was a surplus of eight acres, and four poles.
Owsley,for appellants; Hewitt, for appellee.
The decree of the circuit court must he reversed' with costs, and the cause remanded, with directions to enter a decree in favor of the appellants, for the value of the surplus, in specie, estimating it at twenty three dollars and thirteen cents per acre, in commonwealth’s bank notes. Gne half of that amount must be regulated'by the value of such paper, when., the first instalment of the price of the land became due, and the other half, by the value of it, when the second instalment became due.